**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CATHY DARLENE RIDGE, | ) | |
| | ) | Case No. 1:18-cv-109 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| *Defendant*. | ) | |

**MEMORANDUM OPINION**

Before the Court are cross-motions for summary judgment (Docs. 22, 31). The Court

referred the matter to Magistrate Judge Susan K. Lee, pursuant to 28 U.S.C. § 636(b) and Rule

72 of the Federal Rules of Civil Procedure for a report and recommendation. On May 10, 2019,

Magistrate Judge Lee entered a report and recommendation, recommending that the Court:

(1) deny Plaintiff's motion for summary judgment; (2) grant the Commissioner's motion for

summary judgment; and (3) affirm the Commissioner's finding that Plaintiff is not disabled

under the Social Security Act. (*See generally* Doc. 33.) Plaintiff timely filed objections to

Magistrate Judge Lee's report and recommendation (Doc. 34).[1] For the reasons stated below, the

Court will: (1) **ACCEPT** and **ADOPT** the magistrate judge's report and recommendation (Doc.

---

[1] The Commissioner did not timely file a response to Plaintiff's objections. Thereafter, the Court
ordered the Commissioner to file a response to Plaintiff's objections within fourteen days. (Doc.
35.) Rather than file a substantive response to Plaintiff's objections, as directed by the Court, the
Commissioner filed a notice that she "rests her case and relies on her previously filed brief in
support of her motion for summary judgment." (Doc. 36.) The Court recommends that in future
cases the Commissioner file a response which addresses the substance of any objections.

33); (2) **DENY** Plaintiff's motion for summary judgment (Doc. 22); (3) **GRANT** the

Commissioner's motion for summary judgment (Doc. 32); and (4) **AFFIRM** the

Commissioner's finding that Plaintiff is not disabled under the Social Security Act.

## I. BACKGROUND

In her report and recommendation, Magistrate Judge Lee detailed the procedural and

factual background underlying this matter. The parties have not objected to Magistrate Judge

Lee's recitation of the facts, and the Court finds that the facts set forth in the report and

recommendation are accurate. Accordingly, for the purposes of reviewing Plaintiff's objections

to Magistrate Judge Lee's report and recommendation, the Court **ADOPTS BY REFERENCE**

the facts set forth in the report and recommendation (Doc. 33).

## II. STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the report and

recommendation to which objections are made and may accept, reject, or modify, in whole or in

part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). In doing so,

the Court's standard of review is essentially the same as the magistrate judge's—review is

limited to determining whether the administrative law judge's ("ALJ") findings are supported by

substantial evidence and whether proper legal standards were applied. 42 U.S.C. § 405(g);

*Brainard v. Sec'y of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir. 1989) (per curiam).

"Substantial evidence" is "more than a mere scintilla" and means "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402

U.S. 389, 401 (1971). If supported by substantial evidence, the Court must affirm the ALJ's

findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of*

*Soc. Sec.,* 336 F.3d 469, 475 (6th Cir. 2003).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Plaintiff's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* The Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## III. ANALYSIS

Plaintiff raises two objections to Magistrate Judge Lee's report and recommendation. First, Plaintiff argues that the magistrate judge erred in finding that the ALJ's residual functional capacity ("RFC") determination is supported by substantial evidence because the ALJ did not properly consider Plaintiff's mental limitations. (Doc. 34, at 1–4.) Second, Plaintiff argues that the magistrate judge erred in finding that the ALJ properly considered Dr. Goewey's findings of Plaintiff's physical limitations in his RFC determination. (*Id.* at 4–6.)

### A. Whether the ALJ Properly Considered Plaintiff's Mental Limitations in Determining Her Residual Functional Capacity

The Social Security Administration determines eligibility for disability benefits by following a five-step process.[2] 20 C.F.R. § 404.1520(a)(4). As relevant here, at Step Three of the sequential evaluation process, the ALJ is tasked with considering the medical severity of the claimant's impairments. If an impairment meets or equals a listing, the ALJ will find that the claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(iii). The ALJ must also determine a claimant's RFC, or her ability to do physical and mental work activities on a sustained basis despite limitations from his impairments, before considering Step Four. *See* § 404.1520(e). When making an RFC assessment, "the ALJ must consider limitations and restrictions imposed by all of [the] individual's impairments, even those that are not severe." *Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013) (quoting *Fisk v. Astrue,* 253 F. App'x 580, 583 (6th Cir.2007); *see also* 20 C.F.R. § 404.1523.

In Plaintiff's motion for summary judgment, she argued that the ALJ's RFC determination was not supported by substantial evidence, because the ALJ did not properly consider Plaintiff's mental limitations. (*See* Doc. 23, at 8–11.) In her report and recommendation, Magistrate Judge Lee addressed and rejected this exact argument, reasoning that,

> [w]hile the ALJ could have done a more thorough job articulating exactly why she found the record did not support any mental limitations in Plaintiff's RFC, either as a result of Plaintiff's mental health diagnoses or the combined effect of all her impairments, her decision makes clear why she reached her determination, and I **FIND** that determination is supported by substantial evidence. . . . . To require remand for the ALJ to explain, again, that Plaintiff's anxiety and depression, while medically determinable, did not impact her ability to perform medium unskilled or skilled work would serve no purpose.

---

[2] A more detailed explanation of this process can be found in Magistrate Judge Lee's report and recommendation. (*See* Doc. 33, at 3–4.)

(Doc. 33, at 11.)  The report and recommendation also points to three statements by the ALJ that

support that she considered Plaintiff's mental impairments beyond Step Two:  (1) the ALJ stated

her RFC assessment was "based on all the evidence with consideration of the limitations and

restrictions imposed by the combined effects of the claimant's medically determinable

impairments" (*id.* at 8 (citing Tr. at 16)); (2) the ALJ stated at the end of Step Two that "the

following [RFC] assessment reflects the degree of limitation I have found in the 'paragraph B' in

mental function analysis" (*id.* at 9 (citing Tr. at 15)); and (3) the ALJ stated, in determining

whether Plaintiff was capable of performing her past relevant work at Step Four, that Plaintiff

"does not have any mental limitations that would preclude the performance of skilled or semi-

skilled work" (*id.* at 9 (citing Tr. at 19).)

Plaintiff now raises this same argument in her objections to Magistrate Judge Lee's report

and recommendation.  Specifically, Plaintiff objects to the ALJ's first two statements listed

above as boilerplate language insufficient to properly account for the ALJ's failure to explain her

reasoning.  (Doc. 34, at 2.)  Although the Sixth Circuit has cautioned that use of boilerplate

language alone may be insufficient to explain an ALJ's findings, *Cox v. Comm'r of Soc. Sec.*,

615 F. App'x 254, 260 (6th Cir. 2015), such use does not undermine an ALJ's RFC

determination "premised on more than mere boilerplate assertions [which] demonstrate[s]

meaningful engagement with the facts presented in the record," *Norris v. Comm'r of Soc. Sec.*,

461 F. App'x 433, 441 (6th Cir. 2012).  In addition to use of these two "boilerplate" statements,

the ALJ went on to describe, at Step Four, that, Plaintiff had been prescribed Celexa, which,

according to Plaintiff, "fairly controlled her symptoms[,]" and that:

> [i]n comparing the claimant's [RFC] with the ***physical and mental demands*** of
> [Plaintiff's past work] I find that the claimant is able to perform it as actually and
> generally performed.  All these jobs are at the medium exertional level or lower,

and the ***claimant does not have any mental limitations*** that would preclude the performance of skilled or semi-skilled work.

(Tr. at 19 (emphasis added).)  Moreover, as pointed out by Magistrate Judge Lee's report and recommendation, "mild limitations do not require incorporation into an RFC assessment." *Shamsud-Din v. Comm'r of Soc. Sec.*, No. 16-CV-11818, 2017 WL 3574694, at \*6 (E.D. Mich. July 24, 2017), *report and recommendation adopted*, No. 16-CV-11818, 2017 WL 3531438 (E.D. Mich. Aug. 17, 2017).  And, although an ALJ's failure to explain how a claimant's mild psychological limitations affect the RFC assessment may, in some cases, constitute reversible error, that is not the case here.  *Id.*  As Magistrate Judge Lee reasoned,

> On the one hand, the ALJ did not explicitly explain in the RFC analysis that Plaintiff's anxiety and depression caused no functional limitations and why she came to that conclusion . . . .  On the other hand, the ALJ's well-supported step two analysis reflects her conclusion that Plaintiff simply did not have any mental health functional limitations which would interfere with Plaintiff's ability to work.  The ALJ also explicitly stated that conclusion at step four, if not during the RFC assessment which technically happens between steps three and four.  In the RFC assessment, the ALJ also mentioned that Plaintiff's symptoms were well-controlled with her anxiety medication.

(Doc. 33, at 11.)  As a result, Magistrate Judge Lee found that, "to require remand for the ALJ to explain, again, that Plaintiff's anxiety and depression, while medically determinable, did not impact her ability to perform medium unskilled or skilled work would serve no purpose."  (*Id.*)  The Court agrees with Magistrate Judge Lee's well-reasoned report and recommendation affirming the ALJ's decision with respect to this objection.  Accordingly, this objection is **OVERRULED**.

### B.     Whether the ALJ Adequately Explained Her Failure to Incorporate a Limitation From Dr. Goewey

In her motion for summary judgment, Plaintiff argued that the ALJ failed to incorporate a limitation from Dr. Goewey, the only opinion of record, without properly explaining why she did

not include it in her RFC determination.  (Doc. 23, at 11–14.)  In her report and recommendation,

Magistrate Judge Lee addressed and rejected this exact argument, reasoning that,

> While the ALJ did not explicitly reject Dr. Goewey's opinion that Plaintiff could
> only sit for one hour, stand for 30 minutes, and walk for 30 minutes, the ALJ did
> implicitly reject it.  As the Commissioner argues, the ALJ discussed other
> evidence pertaining to this sort of limitation.  Specifically, the ALJ discussed
> Plaintiff's testimony that she experienced cramps and pain after prolonged sitting
> or standing, and the ALJ cited to Plaintiff's Function Report, wherein Plaintiff
> reported she could only walk about 50 yards before needing to stop and rest for 10
> to 15 minutes.  The ALJ also explained why she did not credit those claims,
> including the fact that Plaintiff "engages in a number of activities such as
> horseback riding and cave exploring that are inconsistent with her allegations of
> disabling musculoskeletal impairments," as well as Plaintiff's limited treatment
> history, and Plaintiff's reports of, at most "mild" to "moderate" symptoms of
> pain.  The ALJ then goes on to describe supporting medical evidence, including
> repeated findings of normal gait, largely normal knee exams, and improvement
> with medication.  Moreover, the ALJ only assigned Dr. Goewey's opinion partial
> weight—indicating the ALJ was rejecting certain aspects of Dr. Goewey's
> opinion.

(Doc. 33, at 17 (internal citations omitted).)  Plaintiff now raises this same argument in her

objections to Magistrate Judge Lee's report and recommendation.  Specifically, Plaintiff argues

that:  (1) it is "absurd to assume that [the ALJ] would have implicitly rejected" the sit/stand

limitation when he explicitly rejected other discrepancies between Dr. Goewey's opinion and the

RFC; (2) that a case cited by the magistrate judge, *Boseley v. Commissioner of Social Security*,

397 F. App'x 195 (6th Cir. 2010), does not apply to this case; and (3) the magistrate judge's

report and recommendation does not adequately explain why the ALJ failed to address objective

medical evidence that existed to support Plaintiff's postural and manipulative limitations.  (Doc.

34, at 5–6.)

With respect to Plaintiff's first argument, courts have routinely concluded that, in making

certain findings, ALJs are implicitly rejecting other evidence.  *See Marmon v. Sec'y of Health &*

*Human Servs.*, 774 F.2d 1163 (6th Cir. 1985) ("In recognizing this pain but concluding that

appellant did not suffer from a severe impairment, the Secretary implicitly rejected appellant's testimony alleging severe pain.")  Moreover, an ALJ "is not required to discuss every piece of medical opinion evidence." *Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 753 (6th Cir. 2011).  The Court disagrees with Plaintiff's contention that it would be "absurd" to conclude that the ALJ implicitly rejected the sit/stand limitation while explicitly rejecting other such discrepancies in this case.  This is not a case in which the ALJ's opinion leaves us "no way of knowing or even reasonably *inferring*" what the ALJ's though process was, *id.* at 754, because, as described by Magistrate Judge Lee above, the ALJ discussed other evidence pertaining to this sort of limitation which supports an implicit rejection of the sit/stand limitation.  The Court will not seek to further divine a hidden meaning from the ALJ's opinion.

Plaintiff's second argument is that *Boseley v. Commissioner of Social Security*, 397 F. App'x 195 (6th Cir. 2010), does not apply to this case.  (Doc. 34, at 5.)  Although Plaintiff correctly points out that the underlying factual scenario in *Boseley* differs from that present here, Magistrate Judge Lee does not attempt to compare the facts of these two cases.  Instead, the report and recommendation cites this case only for the proposition that the "ALJ was not . . . required to discuss each piece of data in her decision, so long as she considered 'the evidence as a whole and reached a reasoned conclusion.'"  (Doc. 33, at 18 (quoting *Boseley*, 397 F. App'x at 399).)  This is a well-established proposition and can be found in any number of decisions. *See, e.g.*, *Karger*, 414 F. App'x at 753 (noting that an ALJ "is not required to discuss every piece of medical opinion evidence").  Accordingly, this argument is without merit.

Finally, Plaintiff argues that the magistrate judge's report and recommendation does not adequately explain why the ALJ failed to address objective medical evidence that existed to support Plaintiff's postural and manipulative limitations.  In other words, Plaintiff argues that the

8

ALJ "cherry picked" from the available evidence to support her outcome. Magistrate Judge Lee

addressed and rejected this argument, finding that:

> Plaintiff has not "persuasively shown that the ALJ erred in conducting [the] difficult task" of weighing the record evidence. The ALJ acknowledged Plaintiff's osteoarthritis, finding it was a severe impairment, and she discussed it in detail in assessing Plaintiff's RFC. The ALJ also mentioned Dr. Goewey's finding of a reduced range of motion in Plaintiff's shoulders. It is worth noting that, despite Plaintiff's reduced range of motion and osteoarthritis, Dr. Goewey found Plaintiff could lift and carry up to 100 pounds occasionally, and up to 50 pounds frequently. Plaintiff does not point to any evidence the ALJ ignored or failed to consider in evaluation Plaintiff's postural and manipulative limitations (or lack thereof). The weight the ALJ assigned to that evidence is reasonable, and should not be disturbed. Moreover, as the ALJ found, the x-rays of Plaintiff's right hand and shoulder "revealed no significant degenerative changes, no evidence of dislocation, normal soft tissue, and no acute fracture or aggressive lesion." This evidence provides adequate support for the ALJ's decision to reject Dr. Goewey's postural and manipulative limitations.

(Doc. 33, at 20 (internal citations omitted).) Aside from an assertion that she disagrees with the

magistrate judge's conclusion, Plaintiff presents no new objections on this point. The Court

agrees with Magistrate Judge Lee's well-reasoned report and recommendation affirming the

ALJ's decision with respect to this objection. Accordingly, this objection is **OVERRULED**.

## IV.      CONCLUSION

For the reasons stated above, the Court hereby:  (1) **ACCEPTS** and **ADOPTS** the

magistrate judge's report and recommendation (Doc. 33); (2) **DENIES** Plaintiff's motion for

summary judgment (Doc. 22); (3) **GRANTS** the Commissioner's motion for summary judgment

(Doc. 31); and (4) **AFFIRMS** the Commissioner's finding that Plaintiff is not disabled under the

Social Security Act.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

> **/s/ *Travis R. McDonough***
> **TRAVIS R. MCDONOUGH**
> **UNITED STATES DISTRICT JUDGE**